UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10484
Summary Calendar
_____

CHARLIE LEWIS McGHEE,

Petitioner-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-1037-X)
_____

August 29, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:*

     Appellant McGhee, sentenced to life imprisonment in the
Texas Department of Corrections after a finding that he violated his
deferred-adjudication probation, raises five issues on appeal. Each
of these issues was carefully discussed by the magistrate judge, and
we have little to add to his opinion.

_____

     * Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in Local Rule 47.5.4.

In an abundance of caution, however, this court granted CPC and asked the parties particularly to brief whether McGhee's due process rights were violated by the trial court's alleged imposition of a predetermined sentence, and whether due process required the court to hold a separate sentencing hearing after revoking McGhee's probation. In regard to the first of these issues, we note the state court's statement, when it ruled on McGhee's habeas petition, that she sentenced him to life imprisonment because of the offense he had committed and the additional two burglaries that he committed within one week of receiving a deferred adjudication. Neither in the district court nor in this court has McGhee offered evidence or persuasive argument why the federal courts should not defer to this finding of historical fact by the state habeas court. The state judge said she did not impose a "predetermined sentence" on McGhee following his breach of probation. Like the magistrate judge, we conclude that finding is supported by the record of the state court proceedings.

As for McGhee's second complaint that he was entitled to a separate sentencing hearing, additional briefing shows that argument to be meritless. To the extent it relies on an alleged violation of Texas law, that is not cognizable in a federal habeas proceeding. On the other hand, McGhee cites no federal law creating an entitlement to a separate hearing in these circumstances. For this court to craft one in a collateral proceeding would violate the Teague rule of non-retroactivity.

For these reasons, and those assigned by the magistrate judge, this court affirms the denial of habeas relief.

AFFIRMED.